CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
AUG 01 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| MARGARET E. AUSBURNE, | ) | CASE NO. 4:04CV00078 |
| Plaintiff | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant | | |

This challenge to a final decision of the Commissioner which denied plaintiff's October 23, 2002 claim for a period of disability, disability insurance income and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision, GRANTING judgment to the plaintiff and RECOMMITTING the case to the Commissioner for the sole purpose of calculating and paying benefits.

In a decision eventually adopted as a final agency decision, a Law Judge found that

1

plaintiff met the special earnings requirements of the Act through the date of his decision. (R. 20.) He also determined that the medical evidence established plaintiff suffered severe "chronic obstructive pulmonary disease, emphysema, coronary artery disease and cervical degenerative disc disease. (*Id.*) However, the Law Judge found that none of plaintiff's impairments were sufficiently severe to meet or equal the requirements of any listed impairment. (*Id.*) Although he found that plaintiff's statements about her limitations were not completely credible, the Law Judge determined that plaintiff was unable to perform her past relevant work. (R. 20, 18.) However, he was of the view that plaintiff possessed the "residual functional capacity to occasionally lift 20 pounds, frequently lift 10 pounds, stand or walk for 6 hours, and sit for 6hours, in an 8-hour day," with additional limitations including "the need for a sit/stand option, no climbing of ladders, no climbing of more than a few steps, and no exposure to fumes and smoke." (R. 17.) By application of the Medical Vocational Guidelines ("grids") and with reference to some of the testimony from a vocational expert (VE), the Law Judge found that jobs were available to plaintiff in the national economy and denied the claim. Accordingly, he found that plaintiff was not disabled under the Act.

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record or in the reasons the plaintiff advanced on appeal to provide a basis to review the Law Judge's decision. (R. 4-6.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (*Id.*) This action ensued.

The Commissioner is charged with evaluating the medical evidence, assessing symptoms, signs, and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739

2

F.2d 987 (4th Cir. 1984). In that connection, the regulations grant the Commissioner some latitude in resolving inconsistencies in evidence and the court reviews the Law Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *See also Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). In the end, if the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In the instant case, plaintiff carried her initial burden in the sequential evaluation process by demonstrating the presence of severe impairments that prevent her from performing her past relevant work. 20 C.F.R. §§ 404.1520 and 416.920; *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1992). Thus, the burden shifted to the Commissioner to demonstrate that alternate gainful activity was available to her, which the Commissioner could discharge in this case only by the presentation of vocational evidence because there were non-exertional limitations on plaintiff's ability to perform work-related functions. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987). In that connection, for the testimony of a VE to be relevant, the VE must have considered all the evidence in the record material to plaintiff's limitations and their effects on his work-related capacity. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Otherwise, the Commissioner will not be viewed as having properly discharged his sequential burden.

Plaintiff's chief contentions before the Appeals Council were that the decision was not supported by substantial evidence and that the Law Judge failed to make a proper determination of plaintiff's credibility. (R. 245-246.) In that connection, it appears that the Law Judge gave little weight to treating physician Dr. Isernia's opinion that plaintiff is completely disabled, finding that "it is not supported by the rest of the record, including Dr. Isernia's own treatment

3

records." (R. 17.) He discredited the doctor's opinion on the basis of the isolated statement that plaintiff "has been getting around okay," an ambiguous observation, at best, particularly in view of other significant observed symptoms. (*Id.*) The medical records from Dr. Isernia contain numerous mentions of significant symptoms, including shortness of breath, dyspnea, chest wall pain, emphysema, pneumonia, nausea, COPD exacerbation, atypical chest pain, pleurisy, bronchitis, and abdominal pain. (R. 156-159.) Based on his long-term care for plaintiff, he was of the opinion that "Mrs. Ausburne is 100% disabled and therefore is unable to hold any gainful employment" and that "Ms. Ausburne's disability will last indefinitely but more importantly at least the next 12 months. Unfortunately, I don't see her disability ever changing from 100% disabled." (R. 223.)

There is a single isolated statement in his records which could be construed as supportive of the finding that plaintiff is not disabled, provided it is not read in context. The isolated statement reads, "she has been getting around okay." (R. 156.) As such, it is insufficient to discredit Dr. Isernia's overall opinion that plaintiff is disabled. The regulations state that if the treating physician's opinion is not given controlling weight, the Law Judge must "give good reasons in [his] notice of determination or decision for the weight" it is given. §404.1527(d)(2). The undersigned does not believe that one ambiguous statement is sufficient to provide good reason for finding Dr. Isernia's opinion of disability inconsistent with the rest of his medical records.

Plaintiff's second contention is that the Law Judge improperly assessed her credibility. The Law Judge based his decision to discredit the plaintiff and his assessment of her residual functional capacity, in substantial part, on her daily activities. The Law Judge found plaintiff to be less than credible because "the record shows that she is able to maintain a home for herself

4

and her disabled husband." (R. 17.) While the Commissioner certainly has regulatory authority to consider a claimant's daily activities in evaluating a claimant's subjective symptoms, including pain, and their effect on the claimant's ability to perform work-related activities, that authority is not boundless. See, e.g. 20 C.F.R. §§ 404.1529(3)(i) and 416.929(3)(i); *Gross v. Heckler*, 785 F. 2d 1163 (4th Cir. 1986). Daily activities must be vocationally relevant in that they must reveal an ability to perform work-related activity within the constraints and demands of the workplace. *See Miller v. Bowen*, 877 F.2d 60, 1989 WL 64121 (4th Cir. 1989)(UP).

In this case, plaintiff's daily activities show she was barely able to care for herself. As noted by the Law Judge, both she and her husband testified that plaintiff is unable to complete simple household tasks without needing to lie down and rest. (R. 16-17.) Although he found her able to "maintain a home" and thus able to perform substantial gainful activity, the Law Judge acknowledged that plaintiff was able to perform household chores only "with rest breaks" and "with her husband doing the dishes, carrying the groceries, and occasionally helping with other chores as needed." (R. 17.) To put it another way, the uncontroverted evidence is that plaintiff is unable to perform any chores without resting. Rather than providing evidence that plaintiff retained the residual functional capacity for gainful employment, plaintiff's daily activities demonstrate significant limitations on her ability to care for herself, let alone function productively in a competitive work environment.

In fact, at the hearing the VE testified that the ability of a person like plaintiff to maintain "any type of competitive work" would be precluded if that person needed to "lay down three or four times a day for varying lengths of time." (R. 292.) Thus, according to the Commissioner's

5

own expert, plaintiff would be disabled.[1]

In the end, the undersigned is of the view that the Commissioner failed to discharge her burden in the sequential process. Therefore, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision, GRANTING judgment to the plaintiff and RECOMMITTING the case to the Commissioner solely to calculate and pay proper benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U. S. Magistrate Judge

8/1/05
Date

---

[1] There also is uncontroverted evidence that plaintiff's medical condition would require her to take a considerable number of days for sick leave. (R. 16, 223.) The VE never opined about the effect that number of absences would have on the availability of jobs to a person like plaintiff. At the very least, "good cause" would be shown to remand the case for further proceedings relating to the impact of plaintiff's need to take leave on the availability of jobs.

6